## In re Eaton

*Gallup, Potter & Gallup,* for County of McKean.

*C. W. Shattuck,* for petitioner.

HUBBARD, P. J., January 11, 1940.—On petition of Myrtle Hatch Eaton, mother of Leo Joseph Eaton, Robert Eaton, Richard Clayton Eaton, and Basil Eugene Eaton,

a hearing was held and testimony was taken for the purpose of determining whether or not said children were dependent children within the meaning of The Juvenile Court Law of June 2, 1933, P. L. 1433, and, if so, what disposition should be made of them. After hearing the evidence, the court, being of the opinion that the amount, $13.30 per week, allotted to the mother, the four alleged dependent children, and a younger child, by the McKean County Board of Assistance, was not sufficient to enable them to maintain a decent and healthful standard of living and that they lacked proper support (except for the aid of assistance received through charity), adjudged the four children dependent and committed them to St. Joseph's Home for Children, Erie, Pa., until further order of court, this being the institution in which the mother of the children had expressed a desire that they should be placed. As is usual in such cases, the county was directed to pay the institution for the maintenance of the children at the same weekly rates as are paid by the county under other orders committing children to this institution.

Soon thereafter, a petition was made on behalf of the County of McKean, by the county commissioners, alleging that, through oversight or otherwise, the county was not notified of the hearing; that the Department of Public Assistance had been paying the usual and customary amount allowed by the department in such cases; that by section 9(a) of the Public Assistance Law of June 24, 1937, P. L. 2051, the minor children mentioned in this proceeding were eligible to receive assistance, and having been taken over by the Department of Public Assistance, were not then dependent children as contemplated by The Juvenile Court Law, supra, under which the proceedings were instituted; that, because of the fact that the Department of Public Assistance of Pennsylvania had taken jurisdiction of the minor children, the county was not liable for their support, and that the court was without jurisdiction to make the order; and that the County of McKean had been given no opportunity to present to the

court the true facts, or to be heard in defense to any order imposing a financial liability upon it; and requested the court to reopen the case and grant the County of McKean an opportunity to be heard. Rule to show cause why a rehearing should not be granted was awarded on the petition and after several continuances were granted on the request of the attorney representing Myrtle Hatch Eaton, to enable him to offer further testimony, the rule was made absolute and a date for a rehearing was fixed.

The hearing having been continued, and while the matter was still pending, the court having been advised by the McKean County Board of Assistance that the mother and children had moved to New York State very shortly after the order was made by the court, a hearing for the purpose of taking testimony on this question was fixed. Notices of this hearing were given to petitioner, the county commissioners, and the McKean County Board of Assistance. Testimony was taken at this hearing and a continued hearing bearing on the legal settlement of petitioner and her children.

The matter was continued for further argument and the county commissioners expressed their desire to have an adjudication of the original issue involved, in view of the fact that the order committing the children had been made before the alleged removal of the mother to New York State, and we are not now deciding the question of the legal settlement of the persons involved. If the officials of this jurisdiction are of the opinion that the question of legal settlement should be decided by the court, that matter may be promptly brought before us for decision in a proper proceeding for that purpose.

Effort for an agreement between petitioner and the county having been made and having failed, it devolves upon the court to decide whether or not the County of McKean is liable for the maintenance of the children in question, after the Department of Public Assistance had taken jurisdiction of them under the Public Assistance Law, supra.

Contentions such as that made by petitioner may naturally appeal strongly to the sympathy of the court, but decision must be made in accordance with the meaning of the law, if such meaning can be ascertained.

One of the purposes of the Public Assistance Law is to provide assistance for dependent children. A dependent child is defined as follows in section 9(a) of the act:

"A dependent child is defined as any child under the age of sixteen who (1) resides with his mother, and has been deprived of the support of his father by his father's death, continued absence from home, or physical or mental incapacity, and (2) has resided in this Commonwealth for one year immediately preceding the date of application for assistance, or has been born in this Commonwealth within one year immediately preceding the date of such application of a mother who has resided in this Commonwealth for one year immediately preceding the birth of the child."

The children in question have, as shown by the testimony, been deprived of their father's support by his continued absence from home and in every way come clearly within the meaning of "dependent children" in the Public Assistance Law.

Under the law, the Department of Public Assistance is given power to establish, with the approval of the State Board of Public Assistance, rules, regulations, and standards, consistent with law, as to eligibility for assistance and as to its nature and extent. By virtue of this authority, certain amounts have been fixed by the department for the support of dependent children and others. The county boards of assistance established by the act are to determine the eligibility of applicants, under the standards established by the State board, subject to the right of appeal, in certain cases, to the Department of Public Assistance, provided in the act, which directs that the decision of the department shall be final.

No adjudications on the question before us, under the Public Assistance Law, have been cited by counsel, nor

have we discovered any, and we have no precedent before us.

It was contended that the amount allotted by the McKean County Board of Assistance to this mother was insufficient for the support of herself and children. On the other hand, it was urged that the county should not be obliged to pay to an institution for the maintenance of children of whom the Department of Public Assistance had taken jurisdiction and was evidently intended to have jurisdiction under the Public Assistance Law.

Unguided by any precedent, we have given this matter careful consideration. A large number of families in this county and throughout the Commonwealth are receiving assistance under the Public Assistance Law. in accordance with the standards, as to the extent or amount of the assistance, set up by the Department of Public Assistance, approved by the State Board of Public Assistance. The case before us is the only one which has been brought before this court with the allegation that the amount awarded by the Board of Public Assistance is insufficient for the proper maintenance of those receiving assistance. We have not found any reports of adjudications of such proceedings in any other county, nor have any such reports been cited by counsel for either side in this proceeding. This fact tends strongly to prove that the amounts awarded have been generally considered satisfactory or that it has been commonly accepted that there is no jurisdiction in a proceeding in juvenile court to commit children to an institution at the expense of the county, simply on the ground that the amount received is not sufficient, in cases in which they are receiving the amount provided by the State Board of Assistance. The establishment of the principle that the Department of Public Assistance may be overridden by a ruling in a proceeding brought before the juvenile court might result in numberless allegations in this and other counties that children are dependent and that they should be placed in institutions at the expense of the county, thereby opening

the way for heavy expense to be placed on the counties and largely nullifying the Public Assistance Law. No appeal to the courts is authorized by this law. It manifestly was not the intention of the legislature that the law should be superseded by a proceeding under The Juvenile Court Law.

We have reached the conclusion that the contention of the County of McKean that we had no jurisdiction to make the order for the commitment of the children is correct. It is not the prerogative of the court to determine whether or not the amount decided upon by the Department of Public Assistance is sufficient to properly maintain the children. If the schedules of payments set up by the Department of Public Assistance are sufficient to enable the dependents to maintain decent and healthful standards of living, there, of course, exists no necessity for such a proceeding as was brought by Mrs. Eaton, the petitioner. If the schedules are not sufficient to enable the dependents to maintain decent and healthful standards of living and the department will not increase the amounts allowed, the remedy is with the legislature. The County of McKean should not be called upon to pay for the support of these children in an institution when the Department of Public Assistance has assumed responsibility. Since the children were receiving support under the Public Assistance Law of June 24, 1937, P. L. 2051, the court was in error in declaring them dependent children under The Juvenile Court Law. Moreover, the county should have been given notice of the hearing at which the children were committed to the institution. As above indicated, the court committed the children to St. Joseph's Home for Children, at Erie, Pa., *until further order of the court.*

Now, January 11, 1940, the order determining the alleged dependent children to be such, within the meaning of The Juvenile Court Law of June 2, 1933, P. L. 1433, committing them to St. Joseph's Home for Children, at Erie, Pa., at the cost of the County of McKean, is hereby

revoked, and it is directed that they be returned to their mother (unless arrangements shall be made for their continued maintenance at said home, with the consent of their mother).